UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
XBIOTECH INC. | Civ. No. _____
|
**Plaintiff,** |
|
v. |
| **COMPLAINT**
AMERICAN STOCK TRANSFER & | **AND JURY DEMAND**
TRUST COMPANY, LLC, |
|
**Defendant.** |
-------------------------------------------------------x

Plaintiff XBiotech Inc., by and through its undersigned counsel, as and for its Complaint against Defendant American Stock Transfer & Trust Company, LLC, respectfully alleges as follows:

## INTRODUCTION

1. Plaintiff is a cutting-edge biotechnology company. In 2020, Plaintiff retained Defendant to facilitate a stock buyback program. In the course of its work, Defendant failed to make accurate and timely payment of taxes on Plaintiff's behalf. As a result, Plaintiff suffered nearly $2 million in penalties, interest, and additional taxes. Plaintiff brings this lawsuit to obtain compensation for Defendant's errors.

## PARTIES

2. Plaintiff XBiotech Inc. is a British Columbia corporation with its principal place of business at 5217 Winnebago Lane, Austin, Texas 78744.

3. Defendant American Stock Transfer & Trust Company, LLC is a New York company with its principal place of business at 6201 15th Avenue, Brooklyn, New York 11219. Defendant can be served with process through its registered agent Corporation Service Company,

1

211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is a resident of New York and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in New York.

## FACTS

6. Plaintiff XBiotech Inc. ("XBiotech") is a biotechnology company developing antibody therapies for treating a wide variety of diseases, including cancers and infectious diseases, such as COVID-19.

7. XBiotech is publicly traded on the NASDAQ exchange.

8. In early 2020, XBiotech purchased approximately $420 million of its shares from investors in a public tender offer. This process is sometimes called a "share buyback."

9. To facilitate the tender offer, XBiotech entered into a Depositary Agreement with Defendant American Stock Transfer & Trust Company, LLC ("AST") on January 13, 2020. AST was authorized to act as XBiotech's depositary agent, which included accepting tenders of shares from shareholders and making payments for the shares on XBiotech's behalf. AST also agreed to deduct and withhold taxes as required by law.

10. In performing its role, AST made two critical and costly mistakes.

11. First, AST failed to timely make a substantial tax payment, resulting in significant financial penalties. XBiotech was required to make certain tax payments to the Canadian Revenue

Agency ("CRA") in connection with the tender offer.  AST eventually made a tax payment to CRA on XBiotech's behalf of $17,393,165.03.  But because the payment was several *months* late, CRA assessed a 10% penalty, or $1,739,316.50, plus interest.

12. Second, AST's tardy tax payment to CRA was less than the required amount.  The shortfall was equal to $143,799.15, which again resulted in a 10% penalty, or $14,379.91, plus interest due to late payment.

13. XBiotech demanded that AST pay the penalties and interest caused by its errors, but AST refused.

14. XBiotech has now paid all outstanding amounts to CRA, resulting in substantial expense that would have been avoided had AST properly performed its duties in connection with the tender offer.

## CAUSES OF ACTION

### A. BREACH OF CONTRACT

15. Plaintiff incorporates the allegations made in the foregoing paragraphs.

16. XBiotech and AST had a valid, enforceable contract.

17. XBiotech performed, tendered performance of, and/or was excused from performing its contractual obligations.

18. All conditions precedent have been satisfied.

19. AST breached the contract, causing financial harm to XBiotech.

20. AST also breached its implied covenant of good faith and fair dealing under the contract.

21. XBiotech is entitled to recover its actual damages caused by AST's breach, including penalties, interest, and additional taxes assessed by CRA.

**B.     NEGLIGENCE/GROSS NEGLIGENCE**

22. Plaintiff incorporates the allegations made in the foregoing paragraphs.

23. AST undertook a duty to make payment of taxes to CRA on XBiotech's behalf in connection with the tender offer.

24. In the alternative, AST engaged in a bailment of XBiotech's funds in connection with the tender offer.

25. AST had a duty to use reasonable care in paying taxes to CRA on XBiotech's behalf in a timely and appropriate manner.

26. AST breached its duty of care and was negligent.

27. AST's breaches constitute gross negligence.

28. AST's breaches caused XBiotech to suffer actual damages, including penalties, interest, and additional taxes assessed by CRA.

**C.     PROMISSORY ESTOPPEL**

29. Plaintiff incorporates the allegations made in the foregoing paragraphs.

30. In the alternative, AST induced XBiotech into reasonably believing that AST would make timely and appropriate tax payments for XBiotech in connection with the tender offer.

31. XBiotech reasonably and foreseeably relied on AST's inducement.

32. XBiotech sustained injury in reliance on AST's inducement.

33. XBiotech is entitled to recover its actual damages, including penalties, interest, and additional taxes assessed by CRA.

**D.     BREACH OF FIDUCIARY DUTY**

34. Plaintiff incorporates the allegations made in the foregoing paragraphs.

35. In the alternative, AST acted as XBiotech's agent in connection with the tender

offer.

36. In the alternative, AST engaged in a bailment of XBiotech's funds in connection with the tender offer.

37. In the alternative, AST undertook a relationship of higher trust with XBiotech when acting in connection with the tender offer.

38. AST thus owed XBiotech fiduciary duties of care, competence, diligence, and/or provision of information, which included a duty to make timely and appropriate tax payments.

39. AST breached its fiduciary duties to XBiotech by failing to make timely and appropriate tax payments as set forth herein.

40. AST's breaches caused XBiotech to suffer actual damages, including penalties, interest, and additional taxes assessed by CRA.

## PUNITIVE DAMAGES

41. XBiotech seeks to recover punitive damages from AST due to AST's gross negligence and/or willful or wanton disregard or recklessness.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully asks the Court to enter judgment against Defendant awarding Plaintiff actual damages, punitive damages, attorney's fees, costs, and pre- and post-judgment interest. Plaintiff also requests any other or further relief, whether at law or equity, to which it may be entitled.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands that this case be tried to a jury.

Dated July 22, 2022

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Katey L. Fardelmann*
Katey L. Fardelmann
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 318-3226
Fax: (212) 318-3400
katey.fardelmann@nortonrosefulbright.com

Peter A. Stokes (Pro Hac Pending)
Ashley Kuempel (Pro Hac Pending)
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Tel: (512) 536-5287
Fax: (512) 536-4598
peter.stokes@nortonrosefulbright.com
ashley.kuempel@nortonrosefulbright.com

***Attorneys for XBiotech Inc.***